IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EDWARD J. JOHNSON,**<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>**GERALD JOHNSON,**<br><br>　　　　　　　　　　　Defendant. | 1:15-cv-01793 MJS<br><br>**ORDER ON COUNTERDEFENDANT'S MOTION TO STRIKE COUNTERCLAIMS AND AFFIRMATIVE DEFENSES**<br><br>(ECF No. 33) |
| **GERALD JOHNSON,**<br><br>　　　　　　　　　　　Counterclaimant,<br><br>　　v.<br><br>**EDWARD J. JOHNSON,**<br><br>　　　　　　　　　　　Counterdefendant. | |

I.  **INTRODUCTION**

On November 30, 2015, Defendant and Counterclaimant Gerald Johnson removed Plaintiff and Counterdefendant Edward Johnson's complaint to this Court.[1] On

---

[1] The parties share the same last name and this motion primarily involves the claims presented in the counterclaim. To avoid confusion and unnecessary verbiage, the Court will refer to the parties as Plaintiff and Defendant, respectively.

1

December 7, 2015, Defendant moved the Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. On March 32, 2016, the Court denied the motion to dismiss.

On April 6, 2016, Defendant filed an answer and counterclaims against Plaintiff. (ECF Nos. 26-27, 31.[2]) On April 27, 2016, Plaintiff filed a motion to strike and/or dismiss the counterclaims and the affirmative defenses to the original complaint. (ECF No. 33-35.) Defendant filed an opposition to the motion to strike on June 10, 2016, and Plaintiff filed a reply on June 16, 2016. (ECF Nos. 36-37.) On June 20, 2016, the Court took the matter under submission without oral argument. (ECF No. 38.) Accordingly, the matter stands ready for adjudication.

The parties have consented to Magistrate Judge jurisdiction for all purposes under 28 U.S.C. § 636(c)(1). (ECF Nos. 12, 16.)

## II. FACTUAL AND PROCEDURAL BACKGROUND

The essential allegations as set forth in the Complaint were summarized in this Court's prior order on Defendant's motion to dismiss and are briefly described here to the extent relevant to the counterclaims and affirmative defenses at issue in this motion.

Plaintiff and Defendant are brothers. (Compl. ¶ 7.) In 2005 they entered into an oral partnership to invest in real estate in hopes of increasing their individual retirement funds. (Id. ¶ 8.) Unfortunately, things did not go well, and it appears that most of the investments resulted in losses for the partnership.

The Partnership held properties in Fresno, California ("Fresno Properties") and Pittsburgh, Pennsylvania ("Pittsburgh Property"). (Id. at ¶¶ 18-25, 31-44).[3] On December 20, 2012, Defendant and his wife jointly filed for Chapter 7 bankruptcy protection in the Bankruptcy Court for the Eastern District of Pennsylvania. (Id. at ¶¶ 48-68.) In May 2013, Defendant obtained a discharge from bankruptcy.

---

[2] At the request of Counterclaimant, the counterclaims were stricken and re-filed as to protect sensitive personal information. The re-filing of the counterclaims does not affect the claims or arguments presented with respect to the instant motion.

[3] The partnership purchased other properties not relevant to the present dispute. (Id. at ¶¶ 26-47.)

Plaintiff asserted that the Fresno and Pittsburgh Properties and the loan obligations thereto were "passed-through" the bankruptcy and returned to Defendant.

On September 14, 2015, Plaintiff filed a complaint in the Mariposa County Superior Court. (ECF No. 1-2.) The complaint alleged five causes of action against Defendant: 1) contribution for breach of the partnership obligation of good faith and fair dealing; 2) promissory estoppel to assume partnership obligations based on Defendant's post-bankruptcy petition actions; 3) damages for Defendant's intentional misconduct and misrepresentations during his bankruptcy proceeding in breach of his duty of care to the partnership; 4) wrongful dissociation from the partnership; and 5) unjust enrichment. (Id.)

On November 30, 2015, Defendant removed the matter to federal court. (ECF No. 1.) On December 7, 2015, Defendant filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). (ECF No. 7.) On March 23, 2016, the Court denied the motion to dismiss.

Based on Plaintiff's factual contentions alleging Defendant's ratification of the partnership after bankruptcy, the Court determined Plaintiff established facial plausibility on his claims for contributions to the partnership based on Defendant's post-bankruptcy actions and allowed the claims of the original complaint to proceed.

On April 12, 2016, at 11:16 a.m. Defendant filed an answer, and seven minutes later at 11:23 a.m. filed a separate counterclaim on the Court's electronic case filing system. (ECF Nos. 27-28.) In the answer, Defendant denies nearly all of Plaintiff's allegations, and states thirty-four (34) affirmative defenses. In his counterclaim, he states five causes of action. Defendant alleges that after the discharge of his bankruptcy, Plaintiff continued to act as attorney and agent of Defendant and the alleged partnership, incurring, and obligating Defendant to pay, costs, fees, and expenses in managing and operating the properties at issue. Defendant contends that the actions taken by Plaintiff were unnecessary, improper, and excessive. (ECF No. 31 at ¶¶ 8-13.)

Based on these actions, Defendant alleges three causes of action in the counterclaim for negligence, legal malpractice, and breach of a fiduciary duty based on

Plaintiff's alleged conduct as an agent or attorney for the alleged partnership. Causes of action four and five are for breach of a promissory note and breach of contract relating to Plaintiff's alleged failure to repay a note in the amount of $30,000.

Plaintiff alleges that none of the claims in the counterclaim state a claim and all should be stricken or dismissed. He also asks that all of the affirmative defenses in Defendant's answer be stricken.

## III.  DISCUSSION

### A.  Legal Standard

#### 1.  Motion to Strike

A motion to strike must involve (1) an insufficient defense, (2) a redundant matter, (3) an immaterial matter, (4) an impertinent matter, or (5) a scandalous matter. Fed. R. Civ. P. 12(f); Yursik v. Inland Crop Dusters Inc., 2011 U.S. Dist. LEXIS 132275, 2011 WL 5592888, at *3 (E.D. Cal. Nov. 16, 2011) (citing Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973-74 (9th Cir. 2010)). A defendant may not move to strike factual allegations on the grounds that the allegations are insufficient. Kelley v. Corrections Corp. of America, 750 F. Supp. 2d 1132, 1146 (E.D. Cal. 2010) ("The proper medium for challenging the sufficiency of factual allegations in a complaint is through Rule 12(b)(6) not Rule 12(f).") (citing Consumer Solutions REO, LLC v. Hillery, 658 F. Supp. 2d 1002, 1020 (N.D. Cal. 2009)). "[W]here a motion is in substance a Rule 12(b)(6) motion, but is incorrectly denominated as a Rule 12(f) motion, a court may convert the improperly designated 12(f) motion into a Rule 12(b)(6) motion." Id. (citing Consumer Solutions, 658 F. Supp. 2d at 1021).

#### 2.  Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. See Parks Sch. of Bus. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failing to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam)

(citation omitted), and may dismiss the case "only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010) (citation & quotation marks omitted). When a complaint presents a cognizable legal theory, the court may grant the motion if the complaint lacks "sufficient factual matter to state a facially plausible claim to relief." Id. (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citation omitted).

When evaluating such a motion, the court must accept all material allegations in the complaint as true, even if doubtful, and construe them in the light most favorable to the non-moving party. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). "[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim." Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996).

### 3. Granting Leave to Amend

If a court dismisses a complaint under Rule 12(b)(6), it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations & quotation marks omitted).

### B. Judicial Notice

Plaintiff requests the Court take judicial notice of a Uniform Statutory Form Power of Attorney recorded in Fresno County on August 5, 2005. (See RJN, ECF No. 34.)

On a motion to dismiss, the court may take judicial notice of facts outside the

complaint without converting the motion into one for summary judgment. See, e.g., W. Radio Servs. Co. v. Qwest Corp., 678 F.3d 970, 976 (9th Cir. 2012). "The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A request for judicial notice must be granted "if a party requests it and the court is supplied with the necessary information." Id. at 201(c)(2). As this language implies, the party who requests judicial notice bears the burden to show the matter in question meets the description of Rule 201. Newman v. San Joaquin Delta Cmty. Coll. Dist., 272 F.R.D. 505, 516 (E.D. Cal. 2011).

The notice requested here is of a public record and an appropriate subject of judicial notice. While the court may take judicial notice of the fact of filing or existence and the general meaning of words, phrases, and legal expressions, documents are judicially noticeable only for the purpose of determining what statements have been made, not to prove the truth of the contents. But the fact that a public document may be subject to judicial notice does not establish the truth of allegations or facts it reports. See, e.g., Cactus Corner, LLC v. U.S. Dep't of Agric., 346 F. Supp. 2d 1075, 1100 (E.D. Cal. 2004), aff'd, 450 F.3d 428 (9th Cir. 2006).

The Court grants the request for judicial notice for the purpose of determining the fact and existence of the recorded document, but not for the truth of the statements made therein.

**C.    Analysis**

    1.    Motion to Strike the Counterclaims

Plaintiff moves to strike the counterclaims as they were filed in a separate document not enclosed with the answer as prescribed by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 7(a), 13(a)-(b). While technically correct, the argument places form over substance. At best, it could be said to raise an issue of whether the Court should allow the counterclaims to go forward as, in effect, an amendment to the Answer under Federal Rule of Civil Procedure 15.

Under Rule 15(a)(2), the court should freely give leave to amend a pleading "when justice so requires." The Court should apply this policy "with extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (quoting Morongo Band of Mission Indians v. Rose, 893 F. 2d 1074, 1079 (9th Cir. 1990)). "If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). However, a district court may deny leave to amend where there is "'any apparent or declared reason' for doing so, including undue delay, undue prejudice to the opposing party or futility of the amendment." Lockman Found. v. Evangelical Alliance Mission, 930 F.2d 764, 772 (9th Cir. 1991) (quoting Foman, 371 U.S. at 182). These factors are not to be given equal weight. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Prejudice to the opposing party must be given the greatest weight. Id. "Absent prejudice, or a strong showing of any of the remaining Forman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id.

Plaintiff does not provide any substantive reason why the counterclaims should be barred based upon the seven minute "late" filing. He does argue that there will be delay if the Court grants leave to amend, and he expresses dismay over the expenditure of judicial resources on this motion.

This argument borders on the frivolous.[4] Under the extreme liberality standard, no reasonable jurist would deny Defendant leave to amend to assert these counterclaims in the manner in which they have been asserted. While the counterclaims were not included in the same pleading, they were electronically filed minutes later in a clearly marked document. Plaintiff was made aware of them essentially contemporaneously with the filing of the answer. There has been no delay.  Other than the time and effort

---

[4] It may be a result of emotions trumping logic as they often do in a family feud such as this.  Both parties need to be particularly sensitive to this risk and avoid taking questionable positions which could expose them to sanctions.

involved in preparing and filing, and the court having to address, a motion to strike that truly had no chance of succeeding, Plaintiff has suffered no prejudice. The Court will not strike the counterclaims based on this argument.

### 2. Motion to Dismiss the Counterclaims

#### a. Counterclaims One Through Three

Defendant's first three counterclaims are for negligence, legal malpractice, and breach of a fiduciary duty arising out of Plaintiff's alleged continuing to act as an agent or attorney for Defendant or the alleged partnership after Defendant's bankruptcy. Plaintiff argues that the claim for negligence did not provide sufficient allegations of causation and injury; that the claim for legal malpractice claim fails because Plaintiff was not acting as an attorney and that there were insufficient allegations of duty, causation and injury; and that the breach of a fiduciary duty claim lacks sufficient allegations of duty and damages.

First, in framing the discussion of these claims, the Court reminds that the relevant legal inquiry is based on the factual allegations in the counterclaim. The Court must accept all material allegations in the pleading, even questionable ones, as true, and construe them in the light most favorable to the non-moving party. Twombly, 550 U.S. at 570. Plaintiff's contentions that the allegations of the counterclaims contradict the allegations of the complaint or extrinsic records, such as the power of attorney form provided with the motion, are not relevant to this inquiry, and are not to be considered by the Court in determining whether the claims are sufficiently plead. Defendant has pled that Plaintiff was acting as an attorney and agent of the partnership. Even though facts plead in Plaintiff's complaint or a power of attorney state otherwise, they merely raise questions which are not proper for resolution in a motion to dismiss.

As described, the claims need only be stated with sufficient particularity to meet the standards set forth by Iqbal and Twombly. Defendant's counterclaims are not for fraud or mistake where a higher pleading standard is required. See Fed. R. Civ. P. 7(b). In the counterclaim, Defendant alleges that Plaintiff continued to act as an agent and

attorney for Defendant and the partnership after bankruptcy discharge, and that he took actions that were "unnecessary, improper, inappropriate and excessive," that the actions (whether common law negligence, or professionally negligence, or breach of a fiduciary duty) were a substantial factor in causing harm to Defendant, and that he was, as a result, harmed in an amount to be determined at trial as a result. (Counterclaim, ¶ 11.)

As to the claim of negligence, Defendant has made a plausible claim of legal duty by alleging that Plaintiff was acting as an attorney or agent for Defendant and the alleged partnership. (Id. at ¶ 15.)  With regard to injury and causation, Defendant contends Plaintiff took actions that were "unnecessary, improper, inappropriate and excessive," that were a substantial factor in causing harm to Defendant. While the factual allegations are cursory, they do state a facially plausible claim for relief, and provide Plaintiff sufficient information to engage in discovery relating to the claims.

The same alleged conduct forms the basis for Defendant's claims for legal malpractice and breach of fiduciary duty. He claims that Plaintiff, as either an attorney or agent in fact for Defendant or the partnership, took actions that were unnecessary and caused harm to Defendant. These allegations present facially plausible factual and legal theories for relief. While they do not specify which actions were unnecessary and caused harm, it is clear that they relate to Plaintiff's administration of real property belonging to Defendant or the partnership after Defendant's bankruptcy discharge. Accordingly, the motion to dismiss is denied as to claims one through three of the counterclaims.

b.   Emotional Distress Damages

Defendant alleges and requests relief for emotional distress damages for counterclaims one through three.  "There is no independent tort of negligent infliction of emotional distress." Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 984 (1993) (citation omitted)). "The tort is negligence, a cause of action in which a duty to the plaintiff is an essential element." Potter, 6 Cal. 4th at 984; see also Huggins v. Longs Drug Stores Cal., Inc., 6 Cal. 4th 124, 129 (1993) (negligent infliction of emotional distress "is a form of the tort of negligence, to which the elements of duty, breach of

duty, causation and damages apply."). Stated another way, "[t]here is no duty to avoid negligently causing emotional distress to another, and [] damages for emotional distress are recoverable only if the defendant has breached some other duty to the plaintiff." Potter, 6 Cal. 4th at 984. Accordingly, the California Supreme Court has held that "unless the defendant has assumed a duty to plaintiff in which the emotional condition of the plaintiff is an object, recovery is available only if the emotional distress arises out of the defendant's breach of some other legal duty and the emotional distress is proximately caused by that breach of duty." Id. at 985. "Even then, with rare exceptions, a breach of the duty must threaten physical injury, not simply damage to property or financial interests." Id. (allowing recovery of emotional distress damages where plaintiffs' fear of cancer after ingesting known and suspected carcinogens was proximately caused by tire manufacturer's breach of its legal duty to properly dispose of toxic waste).

Defendant has made no showing that Plaintiff's alleged negligence "threatened physical injury and not simply damage to property or financial interests." Erlich v. Menezes, 21 Cal. 4th 543, 555-56 (1999). In Erlich, the California Supreme Court considered whether emotional distress damages were recoverable for the negligent breach of a contract to construct a house. Erlich, 21 Cal. 4th at 548. The court found that such damages were not recoverable, distinguishing Potter on the ground that the Erlich plaintiffs sought recovery for emotional distress "engendered by an injury to their property." Id. at 555. It explained: "Although the Erlichs feared physical injury, [the defendant]'s negligent breach of contract resulted in only damage to their property[.]" Id. at 555-56. It further noted that "the breach—the negligent construction of the Erlichs' house—did not cause physical injury. . . . [and] [t]he only physical injury alleged [wa]s Barry Erlich's heart disease, which flowed from the emotional distress and not directly from the negligent construction." Id. at 557.

Although Defendant alleges he suffered emotional distress, Plaintiff's purportedly negligent acts did not threaten Defendant with physical injuries. This is different from Potter, where the defendant's negligence in illegally disposing of toxic, carcinogenic

chemicals threatened serious physical injury to the exposed plaintiffs and proximately caused their fear of cancer. Id. at 985-89. In this case, Defendant's allegations of physical and "emotional suffering still derive[] from an inherently economic concern." Erlich, 21 Cal. 4th at 558.

Defendant has not pled facts showing Plaintiff's duty with regard to Defendant's property and financial interests included a duty to protect him from emotional distress or physical harm. See Gonzales v. Pers. Storage, Inc., 56 Cal. App. 4th 464, 474, 65 Cal. Rptr. 2d 473 (1997) ("[W]e must also agree that Personal Storage's duty to protect Gonzales's property, whether limited by the terms of the lease or not, did not include a duty to protect Gonzales from emotional distress or physical harm[.]").

Neither Defendant's briefing on this issue nor his counterclaims contain allegations showing Plaintiff had a duty in which Defendant's emotional condition was an object or that Plaintiff breached another duty that threatened physical injury to Defendant. See Mehta v. Wells Fargo Bank, N.A., 737 F. Supp. 2d 1185, 1204 (S.D. Cal. 2010). Unless Defendant can plausibly allege facts showing otherwise, his claim for emotional distress damages as a result of Plaintiff's purported negligence is futile. See Dushey v. Accu Bite, Inc., 2006 U.S. Dist. LEXIS 36065, 2006 WL 1582221, at *2 (E.D. Cal. June 2, 2006) ("Absent some threatened physical injury . . . or a contractual duty to protect plaintiffs' emotional tranquility, . . . plaintiffs cannot make out a claim for [NIED]." (quotation and internal marks omitted)); see also Eastman v. Allstate Ins. Co., 2014 U.S. Dist. LEXIS 149017, 2014 WL 5355036, at *9 (S.D. Cal. Oct. 20, 2014) ("emotional distress damages are not 'available in every case in which there is an independent cause of action founded upon negligence.'" (quoting Erlich, 21 Cal. 4th at 554)). Plaintiff's motion to dismiss is granted with respect to claims of emotional distress damages. Defendant is granted leave to amend to allege true facts, if any exist, sufficient to support emotional distress damages.[5]

---

[5] Defendant is reminded of the advice given in footnote 4.

### c. Counterclaims Four and Five

Defendant, in his fourth and fifth counterclaims, allege that Plaintiff has defaulted on a $30,000 loan from Defendant's PENSCO retirement account. (Counterclaim at ¶¶ 28-41.) Defendant alleges the funds were lent to Plaintiff on February 4, 2009, and due to be repaid five years later on February 4, 2014. He alleges Plaintiff has not made any repayment. Plaintiff argues in his motion to dismiss that Defendant is not the real party in interest and lacks standing to present the claim. In response, Defendant contends that the trustee has failed to take action on the note, and that he, as beneficiary of the trust, is therefore entitled to bring the claim. He seeks leave to amend to allege facts to support his theory of legal standing.

Under California law, Defendant, as beneficiary, is entitled to bring a claim the trustee fails to assert.

"As general rule, the trustee is the real party in interest with standing to sue and defend on the trust's behalf." Estate of Giraldin, 55 Cal. 4th 1058, 1075-1076 (2012) (citation omitted). "The beneficiary of a trust generally is not the real party in interest and may not sue in the name of the trust." Orff v. United States, 358 F.3d 1137 (9th Cir. 2004) (citing Saks v. Damon Raike & Co., 7 Cal. App. 4th 419, 8 Cal.Rptr.2d 869, 874-75 (1992)). Accordingly, a "trust beneficiary is not the entity positioned to take legal recourse to protect the trust assets, unless the beneficiary is seeking only to enforce the terms of the trust." Hughes v. Tower Park Props., LLC, 803 F.3d 450, 459-460 (9th Cir. 2015). However, there is an exception when the trustee breaches his or her duty of trust, the beneficiary may pursue a claim against a third party in order to protect his own interests.

> "Ordinarily, when a third party acts to further his or her own economic interests by participating with a trustee in such a breach of trust, the beneficiary will bring suit against both the trustee and the third party. However, it is not necessary to join the trustee in the suit, because 'primarily it is the beneficiaries who are wronged and who are entitled to sue. …' [Citation.] The liability of the third party is to the beneficiaries, rather than to the trustee, 'and the right of the beneficiaries against the [third party] is a direct right and not one that is derivative through the trustee.' [Citation.]" (City of Atascadero v. Merrill Lynch, Pierce, Fenner &

Smith, Inc. (2008) 68 Cal.App.4th 445, 467 [80 Cal. Rptr. 2d 329] (Atascadero); see also Bowles, supra, 169 Cal.App.4th at p. 694 ["[T]he beneficiary's cause of action is independent and not derivative through the trustee; therefore, the trustee is not a necessary party to the action. [Citations.]"].) Thus, "'[w]hen the claim being asserted rests in whole or in part on alleged breaches of trust by the trustee, a beneficiary has standing to pursue such a claim against either (1) the trustee directly, (2) the trustee and third parties participating in or benefiting from his, her, or its breach of trust, or (3) such third parties alone.'" (Bowles, supra, 169 Cal.App.4th at p. 694, italics omitted, quoting Harnedy v. Whitty (2003) 110 Cal.App.4th 1333, 1341–1342 [2 Cal. Rptr. 3d 798] & citing 60 Cal.Jur.3d (2005) Trusts, § 382, p. 527.)

King v. Johnston, 178 Cal. App. 4th 1488, 1500-1501 (Cal. App. 2009).

Defendant alleges that the trustee has failed to take action to recover assets of the trust, and therefore he is entitled to bring the action himself. Based on California law, his request to amend the counterclaim to allege facts to support his theory should be granted.

Plaintiff contends in his reply that Defendant has not conducted a reasonable investigation and should not be entitled to amend because Defendant was also acting as both the trustee and beneficiary of the trust. As noted, the Court must base its determination on the facts alleged in the counterclaims, and in this case the trust document is attached to the counterclaims and incorporated by reference. Fed. R. Civ. P. 10(c). The promissory note does not state the trustee but appears to list the PENSCO Trust Company as the custodian of the trust and the lender of the note. Plaintiff's argument is not based on facts alleged in the counterclaims, and is disregarded. Based on the facts alleged in the counterclaims and the arguments set forth in his opposition, it is possible that Defendant can state plausible claims for relief regarding breach of the promissory note.

Plaintiff next argues that there is a lack of subject matter jurisdiction for the counterclaims for breach of the promissory note. The issue hinges on whether the counterclaims are compulsory or permissive.

Rule 13 of the Federal of Rules of Civil Procedure categorizes counterclaims as either compulsory or permissive. See Fed.R.Civ.P. 13. A compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing

party's claims." Fed.R.Civ.P. 13(a)(1)(A). The Ninth Circuit applies a "logical relationship test" to determine whether a counterclaim is compulsory. See Pochiro v. Prudential Ins. Co. of Amer., 827 F.2d 1246, 1249 (9th Cir. 1987). The logical relationship test requires the Court to "analyze whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." Id. Failure to bring a compulsory counterclaim bars a later assertion of that claim. Fed.R.Civ.P. 13(a); Sams v. Beech Aircraft, 625 F.2d 273, 276 n.4 (9th Cir. 1980). Federal courts traditionally have supplemental jurisdiction over compulsory counterclaims because plaintiff would otherwise lose the opportunity to be heard on that claim. See Baker v. Gold Seal Liquors, 417 U.S. 467, 469 n.1 (1974).

Alternatively, permissive counterclaims encompass "any claim that is not compulsory" or does not "arise out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(b). Permissive counterclaims require an independent basis for subject matter jurisdiction. See Otsuka v. Polo Ralph Lauren Corp., 2008 U.S. Dist. LEXIS 41002, 2008 WL 2037621 *3 (N.D. Cal.) (citing Iglesias v. Mutual Life Ins. Co., 156 F.3d 237, 241 (1st Cir. 1998)); Sparrow v. Mazda American Credit, 385 F.Supp.2d 1063, 1070 (E.D. Cal. 2005) (citing Unique Concepts, Inc. v. Manuel, 930 F.2d 573, 574 (7th Cir. 1991)). When there is no independent basis for jurisdiction over a permissive counterclaim, the Court may still exercise supplemental jurisdiction over such claims if they are "so related to the claims in the action ... that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The Court may decline to exercise supplemental jurisdiction over a permissive counterclaim if (1) the counterclaim raises a novel or complex issue of state law; (2) the counterclaim substantially predominates over the original claims; (3) the original claims have been dismissed; or (4) where there are exceptional circumstances or other compelling reasons to decline jurisdiction. 28 U.S.C. § 1367(c).

Defendant has not alleged in the counterclaim how the claims for breach of the promissory note relate to the claims stated in the complaint. Should they not arise out of

the transaction or occurrence that gave rise to the claims of the complaint, the claims are permissive counterclaims and Defendant would need to establish either subject matter jurisdiction or that the claims form part of the same case or controversy. Even assuming that the parties are diverse, Defendant has not alleged an amount in controversy in excess of $75,000. Or, if based on the same case or controversy, Defendant has not alleged how the claims relate to the real estate investment partnership formed by the parties. The Court will grant the motion to dismiss as to counterclaims four and five. However, as it is possible that Defendant may sufficiently state a basis for jurisdiction and a factual and legal basis for the causes of action, he is entitled to leave to amend.

### 3. Motion to Strike Affirmative Defenses

#### a. Legal Standards

Pursuant to Federal Rule of Civil Procedure 12(f), the Court may, on its own or on a party's motion, strike "an insufficient defense or any redundant, immaterial, impertinent or scandalous" matter from a pleading. Fed. R. Civ. P. 12(f). The function of Rule 12(f) is "to avoid the expenditure of time and money that must arise from litigating spurious issues by disposing of those issues prior to trial." Whittlestone, Inc. v. Handi—Craft Co., 618 F.3d 970, 973 (9th Cir. 2010).

Before a motion to strike affirmative defenses may be granted, the Court "must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." Jones v. Sweeney, No. CV-F-04-6214-AWI-DLB, 2006 U.S. Dist. LEXIS 33069, 2006 WL 1439080, at *1 (E.D. Cal. May 24, 2006) (citing SEC v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995)). "[C]ourts may not resolve disputed and substantial factual or legal issues in deciding a motion to strike." Whittlestone, 618 F.3d at 973 (internal quotation marks and alterations omitted).

Motions to strike affirmative defenses "are disfavored and infrequently granted." Neveau v. City of Fresno, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005). The Court "must view the pleading under attack in the light more favorable to the pleader." Garcia ex rel.

Marin v. Clovis Unified School Dist., 2009 U.S. Dist. LEXIS 83352, 2009 WL 2982900, at *23 (E.D. Cal. Sept.14, 2009) (internal citation omitted). Even if a court strikes an affirmative defense, leave to amend should be freely given where the opposing party will not be prejudiced given the strong policy favoring resolution of cases "on the proofs rather than the pleadings." Rennie & Laughlin, Inc. v. Chrysler Corp., 242 F.2d 208, 213 (9th Cir. 1957); Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979).

"An affirmative defense, under the meaning of Federal Rule of Civil Procedure 8(c), is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." Barnes v. AT & T Pension Ben. Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010). "It is a defense on which the defendant has the burden of proof." Id. at 1174. On the other hand, "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." Zivkovic v. S. California Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002). While courts rarely grant Rule 12(f) motions to strike affirmative defenses, if an affirmative defense is a negative defense and should instead be included as a denial in the answer, the motion to strike will be granted. See Barnes, 718 F. Supp. 2d at 1173.

An affirmative defense is insufficient as a matter of pleading if it fails to give plaintiff "fair notice." "The 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" Kohler v. Flava Enterprises, Inc., 779 F.3d 1016, 1019 (9th Cir. 2015) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1274 (3d ed. 1998)). This is less demanding than the Twombly/Iqbal standard, but still requires a party to plead some factual basis for its allegations. Dodson v. Munirs Co., No. CIV. S-13-0399 LKK, 2013 U.S. Dist. LEXIS 85768, 2013 WL 3146818, at *2 (E.D. Cal. June 18, 2013) ("Fair notice generally requires that the defendant identify the nature and grounds for the affirmative defense, rather than plead a detailed statement of the facts upon which the defense is based."); Qarbon.com Inc. v. eHelp Corp., 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) ("A

reference to a doctrine, like a reference to statutory provisions, is insufficient notice.").

Plaintiff contends that the heightened standard of Twombly/Iqbal should apply. However, this Court, having reviewed Kohler and intervening decisions of the other judges of the district that rely on Kohler, has previously determined that the fair notice standard should apply. Sherwin-Williams Co. v. Courtesy Oldsmobile-Cadillac, Inc., 2016 U.S. Dist. LEXIS 18642 (E.D. Cal. Feb. 12, 2016). The Court is not persuaded that a heightened standard should apply.

b.  Analysis

Plaintiff contends that all of Defendant's affirmative defenses should be stricken, or alternatively, Defendant should be required to provide a more definite statement. With regard to the affirmative defenses, Plaintiff groups the defenses in categories. He claims that several are nothing more than recitations of legal doctrines or statutory provisions, that some are state defenses but are lacking in factual support, that others are immaterial and/or irrelevant. In response, Defendant argues that the defenses are adequately plead and provide adequate notice, but provides no argument to explain why the claims are adequate. The Court will address each group of defenses in turn.

i.  Unsupported legal doctrines or statutory provisions

Plaintiff argues that affirmative defenses 2, 6, 7, 8, 11, 15, 22, 23, 26, and 27 summarily state legal doctrines or cite to state statutes and therefore fail to meet the fair notice standard.[6] The Court agrees; the affirmative defenses provide nothing more than a legal doctrine or a statutory provision. The fair notice standard requires additional detail. The motion to strike is granted, with leave to amend, as to to affirmative defenses 2, 6, 7, 8, 11, 15, 22, 23, 26, and 27.

c.  Conclusory factual contentions

Plaintiff next argues that affirmative defenses 1, 3, 4, 5, 9, 10, 13, 17, 18, 19, 20, 21, 25,

---

[6] These affirmative defenses raise the statute of limitations, statute of frauds, estoppel, waiver, unclean hands, accord and satisfaction, novation, and waiver defenses, respectively.

17

28, 29, 30, 32, and 34 lack factual support and do not meet the fair notice standard.[7] To the extent that the defenses are factual allegations that Plaintiff has not proven the elements of his claims, they are not proper affirmative defenses. "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002); Richmond v. Mission Bank, No. 1:14-cv-00184-AWI, 2014 U.S. Dist. LEXIS 67920, 2014 WL 2002312 at *5 (E.D. Cal. May 15, 2014) (striking purported affirmative defense based on failure to state a claim). Plaintiff is correct that many of the defenses are not true affirmative defenses but rather denials of the allegations of his claims, or the basis of Defendant's counterclaims. Accordingly, Plaintiff's motion to strike is granted with respect to affirmative defenses 1, 3, 4, 5, 9, 10, 13, 17, 18, 19, 20, 21, 25, 28, 29, 30, 32, and 34. Those defenses are stricken from Defendant's answer without leave to amend.

The Court cannot help but note that this has little impact on the litigation of this matter. The legal theories presented as affirmative defenses, although stricken, may still be argued by Defendant to show that Plaintiff is not entitled to relief on his claims in his complaint or that Defendant is entitled to relief on his counterclaims.

### d. Other Affirmative Defenses

Plaintiff asserts that affirmative defenses 31 and 33 are immaterial and insufficient. The defenses are that Plaintiff is barred from seeking relief from "*in rem*" claims and for obligations incurred prior to the discharge of bankruptcy. Both defenses provide Plaintiff fair notice of potential defenses from these claims. While he argues that they are immaterial, the Court disagrees. As noted in the motion to dismiss, it was an open question whether Plaintiff desired to seek damages for pre-discharge activity or assert *in rem* claims against Defendant's assets. As the defenses provide notice, the motion to strike the claims are denied.

---

[7] The affirmative defenses are for failure to state a claim, failure to exercise care, third party acts, delay, independent intervening acts, failure to mitigate, undue influence, bad faith, malfeasance, lack of consideration, failure of consideration, unjust enrichment, consent, lack of mutuality, off-set, undue influence, and duress, respectively.

Finally, Plaintiff asserts that affirmative defense 16 is a reservation of rights to assert further affirmative defenses that are unknown at this time is insufficient and should be stricken. The Court agrees. Affirmative defense 16 is superfluous and is stricken without leave to amend. Should Defendant discover new affirmative defenses during this litigation, he may move to amend the answer under Fed. R. Civ. P. 15 and leave to do so will be "freely given when justice so requires."

**IV.    ORDER**

The Court hereby orders that the motion to strike the Counterclaims be DENIED. The motion to dismiss the counterclaims is GRANTED in part. The allegations for emotional distress in Counterclaims 1-3 are dismissed with leave to amend, if desired. Counterclaims 4 and 5 are dismissed with leave to amend to allow Defendant to state allegations of jurisdiction and standing to assert the claims, if desired.

The motion to strike affirmative defenses is GRANTED in part. Affirmative defenses 2, 6, 7, 8, 11, 15, 16 22, 23, 26, and 27 are dismissed without prejudice. Affirmative defenses 1, 3, 4, 5, 9, 10, 13, 17, 18, 19, 20, 21, 25, 28, 29, 30, 32, and 34 are stricken. Finally, the motion to strike is DENIED as to affirmative defenses 31 and 33. Defendant is ordered to serve Plaintiff with an amended complaint and counterclaim within twenty-one (21) days of the issuance of this order.

IT IS SO ORDERED.

Dated:   June 28, 2016                       /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE