1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16

| | |
|---|---|
| **EDWARD J. JOHNSON,**<br><br>Plaintiff,<br><br>**v.**<br><br>**GERALD JOHNSON,**<br><br>Defendant. | 1:15-cv-01793 MJS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF MOTION TO DISMISS**<br><br>**(ECF No. 49)**<br><br>**AMENDED COMPLAINT DUE: January 27, 2017** |

17

18   **I.     Introduction**

19          Before the Court is Plaintiff Edward Johnson's Motion for Reconsideration of the

20   Court's Order granting Defendant's motion to dismiss in part and limiting Plaintiff's RICO

21   claim to post-bankruptcy discharge conduct. (ECF No. 48.) Defendant Gerald Johnson

22   opposed the motion on November 2, 2016, and Plaintiff filed a reply on November 10,

23   2016. (ECF Nos. 51-52.) Having found the matter appropriate for submission upon the

24   record and briefs (See Local Rule 230(g)), and having carefully considered the parties'

25   briefs, Plaintiff's Motion for Reconsideration is DENIED.

26   ///

27   ///

28

1

## II.     Background

### A.     Factual Background

The Court set forth the relevant facts in its order on the motion to dismiss. Those facts remain unchanged.

Plaintiff originally sought damages from Defendant for contribution, promissory estoppel, and unjust enrichment resulting from an alleged breach of, and wrongful disassociation from, a real estate investment partnership.

On August 2, 2016, Plaintiff filed an additional claim for civil RICO[1] as a counterclaim in reply. (ECF No. 42.) The claim alleged that Defendant engaged in a pattern of criminal activity including acts of tax, real estate, and bankruptcy fraud that resulted in harm to Plaintiff. Defendant and his wife had jointly filed for Chapter 7 bankruptcy protection in the Bankruptcy Court for the Eastern District of Pennsylvania in 2012, and obtained discharge in May 2013. Plaintiff's RICO claim was based, in significant part, on Defendant's alleged pre-discharge criminal activity.

Defendant moved to dismiss the counterclaim in reply arguing that Plaintiff was barred from seeking damages for events occurring prior to bankruptcy discharge. (ECF No. 43.) The Court agreed and granted the motion. (ECF No. 48.) Plaintiff filed the instant motion for reconsideration challenging the Court's order. (ECF No. 49.)

### B.     The Parties' Arguments

Plaintiff seeks review of the Court's order on the motion to dismiss. He argues that bankruptcy and RICO laws are in tension, and that by preventing Plaintiff from reviewing Defendant's pre-discharge conduct to establish a pattern of racketeering activity, the Court did not provide RICO law sufficient deference. It appears, but is still uncertain, that Plaintiff acknowledges that he is not able to base claims on pre-discharge conduct, and only seeks to review pre-discharge conduct to show a pattern of

---

[1] RICO refers to the Racketeer Influenced and Corrupt Organizations Act ("RICO"). 18 U.S.C. §§ 1961 et seq.

1    racketeering activity.[2] Defendant contends that the motion to dismiss was rightfully

2    decided, and Plaintiff has not met the heavy burden required for granting a motion for

3    reconsideration.

4    **III.**    **Discussion**

5        **A.**    **Legal Standard**

6       Eastern District Local Rule 230(j) requires that a party moving for reconsideration

7    show "what new or different facts or circumstances are claimed to exist which did not

8    exist or were not shown upon such prior motion, or what other grounds exist for the

9    motion, and why the fact or circumstances were not shown at the time of the prior

10    motion." E.D. Cal. L.R. 230(j).

11       To prevail on a motion for reconsideration, "a party must set forth facts or law of a

12    strongly convincing nature to induce the court to reverse its prior decision." Hansen v.

13    Schubert, 459 F.Supp.2d 973, 998 (E.D. Cal. 2006). "A motion for reconsideration

14    should not be granted, absent highly unusual circumstances, unless the district court is

15    presented with newly discovered evidence, committed clear error, or if there is an

16    intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma

17    GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations

18    omitted) "A party seeking reconsideration must show more than a disagreement with the

19    Court's decision, and recapitulation of the cases and argument considered by the court

20    before rendering its original decision fails to carry the moving party's burden." United

21    States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2006) (internal

22    citations omitted).

23        **B.**    **Analysis**

24       Plaintiff has not presented any new law or evidence that indicate that the Court

25    committed clear error. While Plaintiff may disagree with the Court's decision to prevent

26

27           [2] Plaintiff still seeks to recover damages based on pre-discharge conduct: "Plaintiff does not
abandon the argument that pre-discharge debts could overlap RICO injuries and be recoverable in a RICO

28    claim, and does not waive any such damages." (Mot. at 12, ECF No. 50.)

1   review of Defendant's pre-discharge conduct, the decision was purposeful on the part of

2   the Court. 11 U.S.C. § 524(a) provides that bankruptcy discharge acts as an injunction to

3   broadly prevent not just legal proceedings, but any other acts to collect discharged debts

4   including "all forms of collection activity." 4-524 Collier on Bankruptcy § 524.02. Plaintiff's

5   attempt to conduct discovery and base his RICO claim on pre-discharge activity is in

6   direct violation of the principles of bankruptcy intending to provide the debtor an

7   unencumbered fresh start. Kokoszka v. Belford, 417 U.S. 642, 647 (1974); Walls v.

8   Wells Fargo Bank, N.A., 276 F.3d 502, 509 (9th Cir. 2002).

9       Unlike Plaintiff, the Court sees no inherent tension between bankruptcy and RICO

10  laws. It is clear that the government may reach back and review pre-discharge conduct

11  in a criminal RICO prosecution. However, as explained in the order on the motion to

12  dismiss, Plaintiff's civil claim under RICO was not excepted from discharge, nor did

13  Plaintiff seek to revoke the discharge within the relevant period. The discharge therefore

14  remains in effect with regard to the debt in question, even if procured by fraud. Allowing

15  a claim, based in part on Defendant's pre-discharge conduct, would undermine the

16  purpose of bankruptcy protections.

17      Plaintiff, in his motion for reconsideration, presents essentially the same

18  arguments set forth in the motion to dismiss. The only additional case mentioned by

19  Plaintiff, Cadle Co. v. Flanagan, 271 F. Supp. 2d 379 (D. Conn. 2003), does not

20  persuade the Court that its reasoning was incorrect, let alone clearly erroneous. In

21  Cadle, the court allowed a civil RICO claim to proceed based on bankruptcy fraud.

22  However, in Cadle, the defendant debtor had yet to obtain discharge. Therefore there is

23  no evidence that the Court allowed such claim despite a bankruptcy discharge order.

24  Having allowed Defendant to obtain a discharge, and failing to challenge the propriety of

25  the discharge, Plaintiff is in a fundamentally different position than the plaintiffs in Cadle.

26      The Court's order that "Plaintiff may not pursue any claims for damages against

27  Defendant arising from pre-discharge conduct" stands. This ruling does not determine

28  whether evidence of pre-discharge activities may or may not be introduced to establish a

4

1   pattern of racketeering activity; that issue is not before the Court at this time.  However,

2   in no event will Plaintiff be permitted to seek to recover damages from those pre-

3   discharge activities. In this regard, it is noted, as it was in the order on the motion to

4   dismiss, that the factual basis for Plaintiff's RICO claim focused almost exclusively on

5   Defendant's actions in connection with the real estate investment partnership and

6   bankruptcy proceedings. The only alleged criminal act occurring post-discharge was tax

7   fraud. (See, e.g., ECF No. 42 at ¶ 113.) Those  claims of tax fraud previously were found

8   to lack particularity, and the Court granted Defendant's motion for a more definite

9   statement.

10          With regard to attempts to produce evidence of a pattern of racketeering activity,

11  the Supreme Court has held that a plaintiff "must show that the racketeering predicates

12  are related, *and* that they amount to or pose a threat of continued criminal activity." H.J.,

13  Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 239 (1989). Thus, if Plaintiff is

14  permitted to proceed on such claims, he will be required to plead and show the relation

15  of pre-discharge activity to defendant's alleged post-discharge tax fraud, that is, how the

16  past predicates posed a continued threat. Plaintiff also "must demonstrate that the

17  racketeering activity proximately caused the loss." Guerrero v. Gates, 442 F.3d 697, 707

18  (9th Cir. 2006) (citing Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1087 (9th Cir. 2002)).

19  Thus, in addition to providing further factual detail to support such a claim if he wishes to

20  proceed with it, Plaintiff must show how Defendant's alleged tax fraud or other post-

21  discharge criminal acts caused Plaintiff injury.

22          In conclusion, the argument presented in the motion simply restates the argument

23  presented in the underlying motion, and does not show that the Court committed clear

24  error. See Marlyn Nutraceuticals, Inc., 571 F.3d at 880. Accordingly, Plaintiff's motion for

25  reconsideration is denied. To the extent that Plaintiff desires further review he may seek

26  interlocutory appeal. 28 U.S.C. 1292(b). And to the extent that Defendant considers

27  Plaintiff's actions in this case to be in violation of the injunction created by the discharge

28  order, he can move the bankruptcy court for an order of contempt to enforce the

1  discharge order. <u>See</u> <u>Barrientos v. Wells Fargo Bank, N.A.</u>, 633 F.3d 1186 (9th Cir.

2  2011); 4-524 Collier on Bankruptcy § 524.02(2)(c).

3      Finally, Plaintiff contends that his due process rights were violated by the failure of

4  the Court to hold oral argument on the motion or allow Plaintiff further briefing to address

5  the arguments and legal authority presented in the order. The Federal Rules of Civil

6  Procedure and the Local Rules for the Eastern District of California do not require

7  litigants to have the opportunity to orally present argument. Fed. R. Civ. P. 78(b) ("By

8  rule or order, the court may provide for submitting and determining motions on briefs,

9  without oral hearing."); Local Rule 230(g). The Court determined that oral argument

10 would not have been helpful in determining the merits of motion to dismiss, nor does it

11 find oral argument necessary to determine this motion for reconsideration. Had the Court

12 decided the case on completely different grounds than presented in the briefs, further

13 briefing or argument might be appropriate. Here, the Court only cited to legal authority

14 and case law directly relevant to the arguments presented in the parties' briefs. The

15 parties were provided sufficient opportunity to argue the merits of their positions in their

16 briefs. The fact that the parties did not raise relevant legal authority in their briefs does

17 not obligate the Court to provide the parties additional opportunity to present argument.

18 Moreover, Plaintiff, in presenting his new arguments in his motion for consideration, only

19 confirms that the Court would not have benefited from oral argument or further briefing.

20 **IV.   Conclusion**

21     For the reasons discussed herein, Plaintiff's Motion for Reconsideration is

22 DENIED. Plaintiff's amended complaint is due on or before January 27, 2017.

23

24 IT IS SO ORDERED.

25  Dated:   November 16, 2016       /s/ *Michael J. Seng*

26                                  UNITED STATES MAGISTRATE JUDGE

27

28

6