IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EDWARD J. JOHNSON,** | 1:15-cv-01793 MJS |
| Plaintiff, | **ORDER REGARDING DEFENDANT'S MOTION TO DISMISS** |
| v. | **(ECF No. 59)** |
| **GERALD JOHNSON,** | |
| Defendant. | |

**I.     Introduction**

Before the Court is Defendant Gerald Johnson's third motion to dismiss certain claims of Plaintiff Edward Johnson's First Amended Complaint ("FAC"). (ECF No. 59.) Plaintiff opposed the motion on March 3, 2017, and Defendant filed a reply on March 7, 2017. (ECF Nos. 62, 64.) Oral argument was held on March 17, 2017. Plaintiff, Edward Johnson, Esq., appeared in person. Alison Samarin appeared on behalf of Defendant. Having found the matter appropriate for submission upon argument, the record, and the parties' briefs (See Local Rule 230(g)), and having carefully considered the arguments of the parties, Defendant's Motion to Dismiss is granted in part.

## II. Background

### A. Factual Background

The Court set forth the relevant facts in its previous orders. Those facts remain unchanged. The crux of the dispute is a real-estate investment partnership between Plaintiff and Defendant that went poorly and resulted in losses. Defendant declared bankruptcy and received a discharge of his debt.[1] After time to challenge the bankruptcy discharge passed, Plaintiff initiated this action.

Plaintiff originally sought damages from Defendant for contribution, promissory estoppel, and unjust enrichment allegedly resulting from breach of, and wrongful disassociation from, a real estate investment partnership.

On August 2, 2016, Plaintiff filed an additional claim under civil RICO[2] as a counterclaim in reply. (ECF No. 42.) The claim alleged that Defendant engaged in a pattern of criminal activity including acts of tax, real estate, and bankruptcy fraud that resulted in harm to Plaintiff. Defendant moved to dismiss the counterclaim in reply arguing that Plaintiff was barred from seeking damages for events occurring prior to bankruptcy discharge. (ECF No. 43.) The Court agreed and granted the motion, but provided Plaintiff leave to file an amended complaint incorporating the civil RICO claim to the extent it was based on post-discharge conduct. (ECF No. 48.[3])

Plaintiff filed a FAC on January 27, 2017. (ECF No. 56.) The first five causes of action of the FAC were unchanged from those stated in the original complaint. However, Plaintiff included an amended version of his civil RICO claim as a sixth cause of action of the FAC. (Id.) On February 13, 2017, Defendant filed the instant motion to dismiss the third through sixth cause of actions of the FAC. (Mot. to Dismiss, ECF No. 59.[4]) Plaintiff

---

[1] However, he retained his ownership interest in several of the investment properties and allowed them to "pass through" the bankruptcy proceeding.
[2] RICO refers to the Racketeer Influenced and Corrupt Organizations Act ("RICO"). 18 U.S.C. §§ 1961 et seq.
[3] Plaintiff filed a motion for reconsideration challenging the Court's order. The motion was denied on November 17, 2016. (ECF Nos. 49, 54.)
[4] Defendant initially also sought to dismiss claim two. In his reply, Defendant noted that claim two was inadvertently included in the motion, and conceded that the claim was not subject to dismissal.

opposed the motion.

### B. The Parties' Arguments

Although he had previously filed a motion to dismiss claims three through five of the original complaint, Defendant renews the motion on the grounds that Plaintiff's assertions notwithstanding, Plaintiff's claims are based on conduct occurring prior to Defendant's bankruptcy and therefore barred by virtue of this Court's prior rulings. Defendant further asserts that the sixth claim for civil RICO is based on pre-discharge conduct, or, alternatively, that Plaintiff lacks standing to assert damages for the factual predicates.

Plaintiff responds that Defendant's motion is procedurally barred with regard to claims three through five of the FAC because the present motion was filed after Defendant answered and also is estopped by this Court's prior decision on Defendant's motion to dismiss. (Opp'n, ECF No. 62.) Regardless, Plaintiff asserts that none of the claims of the FAC are subject to dismissal as they are based on post-discharge conduct.

## III. Discussion

### A. Preliminary Considerations

Both parties question whether their opponent's motion or arguments are properly before the Court. Plaintiff asserts that since Defendant previously challenged the first five claims of the FAC in his motion to dismiss and has in fact answered those claims, he may not challenge them again under Fed. R. Civ. P. 12(b)(6). (Opp'n at 4-7.) Plaintiff also asserts that Defendant is estopped from presenting challenges already presented in a prior motion to dismiss. (Opp'n at 7-9.)

Defendant responds that given the Court's previous order barring claims based on pre-discharge conduct and Plaintiff's assertions that his claims are based only on post-bankruptcy conduct, claims based on pre-Bankruptcy actions should be dismissed at the Court's earliest convenience.

Before addressing the particular issues raised, the Court cannot help but note that

the parties, and hence necessarily the Court as well, have devoted significant effort and resources re-briefing and re-arguing academic legal issues – e.g., the procedural propriety of the other's motion activity – which really should not be in dispute. The parties have a duty "to make reasonable efforts to expedite litigation . . ." Model R. of Prof. Conduct 3.2  Here, the Court believes that means moving this case forward into discovery of disputed facts to determine what acts really are in issue and when they occurred.  The parties' apparent mutual antagonism and emotional investment in the dispute is frustrating that goal, it is counterproductive, and it will not continue to be tolerated.

### i. Should Defendants 12(b)(6) Motion be Heard?

Plaintiff asserts that Defendants, especially since they have answered claims three through five of the FAC, cannot now bring a second motion to dismiss them. However, the Ninth Circuit has stated that in such instances the court should consider the motion to dismiss as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). See MacDonald v. Grace Church Seattle, 457 F.3d 1079, 1081 (9th Cir. 2006). When a motion to dismiss has been filed after an answer, "the motion should [be] treated as a motion for judgment on the pleadings, pursuant to Rule 12(c) or 12(h)(2)." Id. Further, "[a]nalysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." Pit River Tribe v. BLM, 793 F.3d 1147, 1155 (9th Cir. 2015) (citing Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012)).

Technically, Defendant's motion should have been filed as both a motion for judgment on the pleadings as to claims three through five, and a motion to dismiss as to Plaintiff's amended civil RICO claim. See Fed. R. Civ. P. 12(g) ("A motion under this rule may be joined with any other motion allowed by this rule.") Enforcing such a procedure now would champion form over substance, provide no benefit to Plaintiff, and increase

the burden on all. Plaintiff has provided no compelling reason why the motion should be dismissed rather than considered as a motion for judgment on the pleadings. He argues that addressing the motion would "re-set the litigation clock and erase fifteen months of motion practice." (Opp'n at 6.) The Court disagrees. While it is regrettable that Defendant did not present these arguments to the Court earlier, if they now result in dismissal of claims that cannot properly proceed, judicial economy will be served.

Plaintiff's request to procedurally bar the motion is denied.

### ii. Estoppel

Plaintiff next argues that Defendant should be estopped from again challenging Plaintiff's third though fifth claims of the FAC because his previous attempt to dismiss them based on the bankruptcy discharge was ultimately denied.

However, in the original motion to dismiss, Defendants did not address the specific language of the claims. The Court limited its review to the operation of the bankruptcy proceeding as a bar to claims. It did not otherwise address the sufficiency of them. Defendant now moves to address the substance of Plaintiff's claims, and asserts that their wording reflects they are barred because they are based on pre-bankruptcy conduct. Plaintiff asserts that having previously presented a similar argument, Defendant should be estopped from asserting it again.

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." Kobold v. Good Samaritan Reg'l Med. Ctr., 832 F.3d 1024, 1044-1045 (9th Cir. 2016). When determining whether judicial estoppel is warranted, courts look to three factors: "(1) a party's later position must be clearly inconsistent with its earlier position; (2) whether the party succeeded in its prior position, because absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on

the opposing party if not estopped." United States v. Kim, 806 F.3d 1161, 1167 (9th Cir. 2015) (citing New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001)).

Here, the argument posed by Defendant remains consistent – that several of the current claims of the FAC are based on pre-bankruptcy conduct and thus barred by the bankruptcy discharge. Defendant would not derive an unfair advantage from the Court re-examining whether Plaintiff's claims are barred; a finding that they were barred would be consistent with the prior findings of the Court. Clearly, it would have been more efficient to address the merits of Plaintiff's claims in connection with Defendant's first motion to dismiss. But if and to the extent the causes of action fail to state claims upon which relief can be granted, it is prudent to address the issues now, rather than by a separate successive motion.

### iii. Bankruptcy Discharge

As all know, Defendant's bankruptcy discharge serves to void any judgment as to personal liability for debts of the debtor accrued prior to the filing of the petition. See 11 U.S.C. § 524(a). Claims that the bankruptcy discharge was improvidently granted are barred if not filed in the bankruptcy court within one year of the discharge. See 11 U.S.C. § 727(d-e). Thus, this Court has explicitly found that damages asserted in Plaintiff's civil RICO claim, to the extent based on pre-bankruptcy conduct, are barred by virtue of the discharge injunction and failure to move to revoke the discharge. (See Order, ECF No. 48 at 8-12.) Plaintiff has in fact conceded that he is not seeking damages for pre-bankruptcy conduct. (See Order, ECF No. 26 at 6 ("Plaintiff, in his opposition to the motion, asserts that his claims are based only on conduct occurring after the bankruptcy and arise out of Defendants ratification of new partnership obligations after discharge in bankruptcy.")

In the instant motion, Defendant contends that notwithstanding Plaintiff's assertion to the contrary, claims three through five of the FAC are based on conduct occurring before or during the bankruptcy proceeding.

The Court will review Plaintiff's FAC, under standards applicable to motions for judgments on the pleadings, to determine whether they state claims that survive the bankruptcy discharge.

**B.     Legal Standards for Judgment on the Pleadings**

Applying the standard for a motion to dismiss under Rule 12(b)(6), a court adjudicating a motion for judgment on the pleadings "must assess whether the complaint contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Chavez v. United States, 683 F.3d 1102, 1108-1109 (9th Cir. Ariz. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. Twombly, 550 U.S. at 555. Thus, a court discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible. Iqbal, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

**C.     Claim Three**

Claim Three's breach of partnership duty of care assertion arises exclusively out of actions taken and misrepresentations made by Defendant during the bankruptcy proceeding. (See FAC, ¶¶ 114-164.) As an example, the last six paragraphs, which include a description of the damages incurred from the wrongful conduct, state:

> 159. Plaintiff was harmed by Defendant's misrepresentations in that assets of the Bankruptcy estate should have been distributed to Plaintiff, either as a co-owner of real property administered by the trustee or as a creditor holding an unsecured nonpriority claim.

> 160. Plaintiff was harmed by Defendant's misrepresentations in that Defendant's debts and obligations to the Partnership and Plaintiff were discharged.
>
> 161. Thus, Plaintiff's rights and protected interests were violated by Defendant's conscious wrongdoing.
>
> 162. There is a proximate causal connection between Defendant's wrongdoing, the measurable discharge of Defendant's debts which amounted to an unjust or unjustified benefit to Defendant, and the harm to Plaintiff.
>
> 163. All of Defendant's discharged debt was attributable to the underlying conscious wrongdoing.
>
> 164. There is evidence of oppression, fraud or malice, entitling Plaintiff to punitive damages.

(FAC, ¶¶ 159-164.)

There are no factual assertions in Claim Three that reflect actionable post-discharge conduct by Defendant or damages therefrom. Plaintiff does assert that Defendant was able to keep his personal residence through the bankruptcy proceeding and yet failed to make payments on it after bankruptcy, leading to foreclosure. (FAC at ¶¶ 121-128.) However, Plaintiff makes no claim that he suffered harm from Defendant's conduct or from the foreclosure. (Id. at ¶¶ 121-128, 159-164.)

The Court previously allowed Plaintiff's claims to proceed based on his assertions that his claims were based on post-discharge conduct. However, as noted, the Court was not then called upon to review the substance of the alleged claims. Having now done so, it finds no reasonable way to construe the claim to be based on post-discharge conduct. It is premised entirely on Defendant's alleged misrepresentations during the bankruptcy proceeding. Further, all of the damages alleged in the third cause of action, flow directly from Defendant's conduct during his bankruptcy and his allegedly fraudulent discharge of various debts. Plaintiff, in his opposition, attempts to resurrect the cause of action by incorporated by reference fact relating to Defendant's post-discharge conduct. (See Opp'n at 11; FAC, ¶¶ 55-68.) The Court finds those incorporated facts superfluous to the allegations and damages sought in Plaintiff's third cause of action. To the extent Plaintiff desired to challenge Defendant's conduct before the bankruptcy tribunal, the

action should have been brought under 11 U.S.C. § 727(d-e).

The third cause of action is clearly based on Defendant's alleged misrepresentations made during the bankruptcy proceeding. (See e.g., FAC, ¶ 116 ("Defendant committed intentional misconduct… by his Bankruptcy petition misrepresentations, which resulted in harm to the Partnership and Plaintiff."); ¶ 118 ("Defendant's discharge of any Partnership obligations was wrongfully obtained through misrepresentation."); ¶ 118 ("Benefits, at the expense of Plaintiff, were conferred to Defendant by… the … Bankruptcy Court…, induced by misrepresentation or fraud."). The allegations of the third cause of action cannot be reconciled with Plaintiff's statements to the Court that his claims are based on post-discharge behavior. Having found the cause of action to be based solely on pre-discharge conduct, it may not be maintained, but must be dismissed.

Plaintiff requests leave to amend. (Opp'n at 26.) Leave to amend need not be granted if amendment would be futile or if the plaintiff has failed to cure deficiencies despite repeated opportunities. Mueller v. Aulker, 700 F.3d 1180, 1191 (9th Cir. 2012); Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010).

This Court has repeatedly warned Plaintiff that claims subject to Defendant's bankruptcy discharge injunction could not be maintained in this action. The third cause of action is based solely on Defendant's alleged misrepresentations made during bankruptcy. Plaintiff cannot maintain this claim and no amendment will cure its deficiencies.[5] The cause of action is dismissed with prejudice.

**D. Claim Four**

Plaintiff's fourth cause of action is for wrongful disassociation of the partnership, and stated in its entirety reads as follows:

> 165. Paragraphs 1-164 are hereby incorporated as though fully set forth herein.

---

[5] To the extent that Plaintiff asserts a claim based on misrepresentations by Defendant post-discharge, that would be a separate claim based on a different transaction or occurrence and would require amendment under Fed. R. Civ. P. 15.

9

166. Defendant wrongfully disassociated from the Partnership pursuant to Section 16602(b)(2)(C), because the Partnership was for a particular undertaking and Defendant was dissociated by becoming a debtor in bankruptcy.

167. Plaintiff is entitled to damages caused by the wrongful dissociation, pursuant to Section 16602(c).

168. Damages included separate property advanced by Plaintiff for obligations incurred in the resolution of Partnership Properties, including the disposition of the Pitt Property, the administration of the California and Florida Properties, the resolution of the Bank Counterclaim and Seller Counterclaims, attorney fees and costs, and the value of the expert services rendered in wind-up.

169. Plaintiff's damages were proximately caused by Defendant's wrongful disassociation.

170. There is evidence of oppression, fraud or malice, entitling Plaintiff to punitive damages.

Unlike the third cause of action, his fourth cause of action claims damages arising out of the post-discharge wind-up of the partnership and not subject to the bankruptcy discharge injunction. Defendant argues, however, the damages nevertheless are barred by Cal. Corp. Code § 16703(a) which states that "[a] dissociated partner is not liable for a partnership obligation incurred after dissociation…"

The Court previously addressed this issue in its order on Defendant's first motion to dismiss. Incorporating the allegations of Plaintiff's first cause of action by reference, Plaintiff asserts that he and defendant "ratified the continuation of the Partnership and the completion of unfinished business, through conduct including oral representations, writings, overt acts, and acquiescence that occurred both before and after Defendant's Bankruptcy petition was filed." (FAC at ¶ 77.) Based on Plaintiff's allegations that Defendant committed the actions after bankruptcy and re-committed to the terms and obligations of the partnership agreement (FAC at ¶¶ 78-79), Plaintiff has stated facially plausible claims that survive attempts at dismissal. Defendant's motion to dismiss claim four is denied.

### E. Claim Five

Plaintiff's fifth cause of action is for unjust enrichment. It reads:

171. Paragraphs 1-170 are hereby incorporated as though fully set forth herein.

172. Defendant's discharge was unjust or unjustifiable because, but for the misrepresentations to a third party, a no-asset estate discharge would not have been issued by the Bankruptcy Court.

173. As a direct result of Defendant's foregoing conscious wrongdoing, Defendant realized an enrichment unjustly and/or unjustifiably obtained.

174. Defendant's misrepresentations proximately caused Plaintiff's harm in that Defendant's debts and obligations to the Partnership and Plaintiff were discharged.

175. Defendant's benefit was discharged obligations in the amount of $1,444,944.30.

176. All of Defendant's unjust enrichment must be disgorged.

177. There is evidence of oppression, fraud or malice, entitling Plaintiff to punitive damages.

Like Plaintiff's third cause of action, the fifth cause of action is exclusively based on Defendant's allegedly improper bankruptcy discharge. It does not claim damages for conduct occurring post-discharge. Incorporation of allegations of post-discharge conduct would not cure the claim. Relief cannot be granted for Plaintiff's fifth cause of action. Amendment of the claim would be futile. It is dismissed with prejudice.

### F. Claim Six

The last cause of action of Plaintiff's FAC is for civil RICO. To establish a civil RICO claim, a plaintiff must establish: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to plaintiff's business or property." Just Film, Inc. v. Buono, 847 F.3d 1108 (9th Cir. 2017); Living Designs, Inc. v. E.I. DuPont de Nemours & Co., 431 F.3d 353, 361 (9th Cir. 2005) (internal quotation marks omitted). The measure of civil damages under RICO is the harm caused by the predicate acts constituting the illegal pattern. Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 497 (1985).

Defendant alleges that each of Plaintiff's alleged predicate acts, including money

1  laundering, tax fraud, and promissory fraud are are based on pre-discharge conduct. He
2  also argues that Plaintiff, in any event, lacks standing to allege an injury from the
3  predicate acts.

4  Plaintiff's opposition concedes he is not alleging damages based on pre-
5  discharge conduct, nor from post-discharge predicates including money laundering and
6  tax fraud. (Opp'n at 23.) Accordingly, the only remaining predicate act Plaintiff pleads as
7  a cause of compensable injury is post-discharge promissory fraud. Defendant does not
8  dispute that Plaintiff has standing to seek relief for post-discharge promissory fraud,
9  presumably because the fraud allegedly resulted in direct injury to Plaintiff. The only
10 remaining issue is whether the post-discharge promissory fraud factual predicates are
11 really based on actions occurring post-discharge.

12 The fact that Plaintiff only alleges harm from a small number, or even a single act,
13 of promissory fraud is sufficient to sustain the claim. Harm based on some of the
14 activities comprising a RICO violation is sufficient. Just Film, Inc., 847 F.3d 1108 (9th Cir.
15 2017) (citing Deppe v. Tripp, 863 F.2d 1356, 1366 (7th Cir. 1988) ("[A] RICO verdict can
16 be sustained when a pattern of racketeering acts existed, but when only one act caused
17 injury.") (internal citation omitted)).

18 As alleged, post-discharge acts of mail and wire fraud are the predicate acts of
19 the fraud. See 18 U.S.C. §§ 1341, 1343. Defendant points out that many of the
20 allegations of promissory fraud predicate acts are based either on (a) pre-discharge
21 conduct (See FAC ¶¶ 381-393, or (b) are actions based on passive acts of Defendant,
22 including: "implied promises," "acquiescence," "omissions," "failure to object," and "tacit
23 endorsement." (See FAC ¶¶ 400-58.) In paragraph 459 of the FAC, Plaintiff provides a
24 list of correspondences Defendant allegedly placed through interstate mail or wire. (FAC
25 ¶ 459.) The first two acts pre-date Defendant's discharge. (See FAC ¶ 459(a-b).) The
26 last describes interstate communication between the parties in 2103 through 2015 where
27 "Plaintiff requested, and Defendant refused, performance of Defendant's promises." (Id.
28 at ¶ 459(g).) Defendant's statements of refusal to perform are not misrepresentations,

1  and would not serve as a factual predicate. The refusals to perform appear to relate to
2  unspecified promises Defendant allegedly made earlier.

3  Plaintiff next lists three documents executed by the parties in September 2013
4  including a settlement agreement, settlement agreement addendum, and document
5  exchange agreement. (See FAC ¶ 459(c-f).) Plaintiff contends that the agreements were
6  executed by the parties in California and Pennsylvania, respectively, and exchanged by
7  e-mail. (Id.) To the extent that Defendant made misrepresentations in the agreements
8  that would constitute acts of mail or wire fraud, as Plaintiff asserts, he has provided a
9  facially plausible basis for the civil RICO claim. (See FAC ¶¶ 460-64.)

10  To clarify, given the Court's prior order (ECF No. 48) and the present holding,
11  liability for Plaintiff's civil RICO claim may be based solely on Defendant's post-discharge
12  promises. The Court's prior order dismissed Plaintiff's civil RICO claim to the extent it
13  was based on pre-bankruptcy discharge conduct. (ECF No. 48 at 13-14.) Further,
14  Plaintiff is bound by his representations in his opposition to the instant motion that he
15  seeks damages only from post-discharge acts of promissory fraud, and not from conduct
16  occurring pre-discharge or from post-discharge tax and money laundering predicates.
17  (Opp'n at 23.) Accordingly, Defendant's motion to dismiss Plaintiff's civil RICO claim is
18  hereby denied.

### G. Scope of Discovery

20  This Court has now exhausted its willingness and ability to try to further adjudicate
21  the claims in this case based on the pleadings alone. The claims remaining have been
22  sufficiently plead and discovery into their validity should commence.

23  While Plaintiff may not seek damages for pre-bankruptcy conduct, limited pre-
24  bankruptcy discharge conduct may be relevant to determine the status of the partnership
25  and assets remaining in the partnership post-discharge. Defendant's conduct pre-
26  discharge may also be relevant to establishing a pattern of racketeering activity, even if
27  Plaintiff may not allege damages from those predicate acts.

28  In the order on Plaintiff's motion for reconsideration, the Court declined to rule

"whether evidence of pre-discharge activities may or may not be introduced to establish a pattern of racketeering activity." (ECF No. 54 at 4-5.) The Court felt that allowing discovery into factual predicates occurring pre-discharge might conflict with 11 U.S.C. § 524(a)'s prohibition not only legal proceedings, but all other acts to collect discharged debts including "all forms of collection activity." 4-524 Collier on Bankruptcy § 524.02.

The Court has found no legal authority addressing the issue of whether pre-bankruptcy acts may be used to show a pattern of racketeering activity even if recovery of damages for some of those acts is, as here, foreclosed by a bankruptcy discharge. But, as noted above, civil RICO damages may be based on only a limited number of the activities comprising a RICO violation. Just Film, Inc., 847 F.3d 1108. The other actions may be relevant to establish the elements of the claim — the pattern of racketeering — even if they do not afford a basis for the recovery of damages.

Thus, to the extent that Plaintiff seeks discovery of pre-discharge predicate acts to establish the elements of the civil RICO claim, but does not attempt to base damages on those acts or recover damages for them, the Court will allow discovery to proceed even as to pre-bankruptcy acts. However, discovery is not without limits. Under the newly revised Fed. R. Civ. P. 26(b)(1), its scope is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). As noted, discovery should be proportional to the needs of the case, including the importance of the issues at stake in the action and the importance of the discovery in resolving those issues. It is not to be abused. It is not to be used as a tool to beat an opponent into submission. The most critical issues of the case involve actions by the parties after bankruptcy.

## IV. Conclusion

For the reasons discussed herein, Defendant's Motion to Dismiss is granted in part. Causes of action three and five of Plaintiff's First Amended Complaint are dismissed with prejudice. Further, Plaintiff's sixth cause of action for civil RICO will be limited exclusively to damages resulting from post-bankruptcy promissory fraud.

IT IS SO ORDERED.

Dated: March 21, 2017          /s/ *Michael J. Seng*
                               UNITED STATES MAGISTRATE JUDGE